IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZAKEIYA JONES, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) CIVIL ACTION NO.: 2:17-cv-623-MHT |
| V. | ) CV- |
| | ) |
| BRK OF ALABAMA, LLC d/b/a | ) JURY DEMAND |
| WENDY'S, | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

**I.   JURISDICTION**

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 2201 and 2202. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981a, which provides relief against sex discrimination, and harassment. Through supplemental jurisdiction, this Court's jurisdiction extends over the related state law claims of invasion of privacy, assault and battery, and negligent and/or wanton training, supervision, and/or retention

1

because all such claims arise from a "common nucleus of operative fact."

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") within 180 days of the occurrence of the last discriminatory act. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Notice of Right-To-Sue from the EEOC.

## II. PARTIES

3. Plaintiff, Zakeiya Jones, is a female citizen of the United States, a resident of the State of Alabama and is over nineteen (19) years of age.

4. Defendant, BRK of Alabama, LLC, d/b/a Wendy's, (hereinafter "Defendant") is an entity subject to suit under Title VII and employs at least fifteen (15) persons.

## III. FACTUAL ALLEGATIONS

5. Plaintiff worked for Defendant from on or around October 13, 2015 until defendant fired her on or around April 28, 2017. Plaintiff's place of employment at all times was at 1500 N. College Street in Auburn, Alabama.

6. Plaintiff took maternity leave and returned to work during August, 2016.

7. Following Plaintiff's maternity leave, she returned to find that a new Shift Supervisor, Richard Fitch, had been transferred to the location where Plaintiff

2

worked.

8. Beginning in August 2016, Fitch subjected Plaintiff to a sexually hostile work environment.

9. On a constant and continuous basis, Fitch made lewd sexual comments to Plaintiff, including asking her about performing oral sex on her.

10. Fitch touched private parts of Plaintiff's body, including grabbing her butt, rubbing against her breasts, and groping between her legs.

11. On one occasion, he showed Plaintiff a photo of a woman with dessert foods spread on her naked body and asked her, "can I do you like her?" i.e., could he eat things off her body.

12. Fitch also took photos of Plaintiff with his phone while she was working.

13. Fitch sent text messages to Plaintiff, including one message asking if she would let him "see it," which she understood referred to her vagina based on Fitch's constant comments referring to her private parts when they worked together.

14. The sexual comments and unwanted sexual touching happened nearly every time Fitch and Plaintiff worked together.

15. The sexual harassment Plaintiff endured humiliated, belittled, and embarrassed her. The sexual harassment was so severe and pervasive that it altered the

conditions of plaintiff's employment, caused material changes to Plaintiff's employment, and interfered with her work performance.

16. Plaintiff made it clear to Fitch that his acts of sexual harassment were not welcome and repeatedly asked him to stop and leave her alone.

17. When the harassment didn't stop, Plaintiff reported the harassment to her manager, Allegra Mitchell.

18. Ms. Mitchell told Plaintiff not to mind Fitch, and not to pay attention to him.

19. Mitchell did not take any action to prevent or correct the harassment, and Fitch's harassment of Plaintiff intensified after she reported it.

20. On or around December 3, 2016, Fitch approached Plaintiff when she was outside smoking a cigarette during her break and told her that he wanted her to delete the text messages that he had sent her.

21. Plaintiff refused and made clear to Fitch that she did not intend to comply.

22. Fitch grew angry, and when Plaintiff was working at the drive-through window after this conversation he yelled at her and told her "get the fuck off his clock," or words to that effect. He would not let her gather her things, and attempted to physically remove her from the store.

23. Fitch pushed Plaintiff hard enough to cause her to fall down, causing her phone to break, and, as she tried to stand, Fitch placed her in a chokehold.

24. After he succeeded in forcibly ejecting Plaintiff from the store, Fitch threw Plaintiff's purse and other things out the door after her.

25. Fitch took tangible employment actions against Plaintiff by physically assaulting her, preventing her from finishing her shift, forcibly ejecting her from the store, and sending her home.

26. Plaintiff reported the assault and battery to the police. Plaintiff also reported Fitch's violent and abusive conduct to Allegra Mitchell, and to General Manager Fay Raymond.

27. After Plaintiff reported Fitch's assault and battery, she arrived at work on or around January 6, 2016 to discover that Defendant had once again scheduled her and Fitch to work together.

28. Plaintiff told Allegra Mitchell that she did not feel comfortable working around Fitch. Mitchell responded by telling Plaintiff that it was her word against Fitch's, that she did not have any proof, and that "if anyone's going to go home, it's going to be you," or words to that effect.

29. Plaintiff was sent home by Defendant on January 6, 2016 because she was not comfortable working with Fitch because of the sexual harassment and the assault and battery.

30. On December 7, 2016, Plaintiff was interviewed by Matt Parmer. Plaintiff told

Parmer about the sexual harassment. Plaintiff also told him that she had previously reported the harassment to Ms. Mitchell, but nothing was done. Plaintiff further showed Parmer the text messages between her and Fitch.

31. The police showed up to arrest Fitch at the store, putting him in the back of a police car and taking him away. Plaintiff did not see Fitch at the store again after that.

32. After Plaintiff reported the sexual harassment her hours were cut and she was improperly disciplined.

33. Plaintiff has suffered additional wrongful and retaliatory discipline since filing her EEOC Charge.

34. After Plaintiff filed her EEOC Charge, her manager, Allegra Mitchell, began making comments that Plaintiff was a "snitch," told employees that they better watch what they said around Plaintiff because she was writing it all down, and told people that Plaintiff was suing the company, or words to that effect.

35. The General Manager, Fay Raymond, was present when such comments were made and appeared to condone them, as she did not correct Mitchell.

36. Fay Raymond and Matt Parmer terminated Plaintiff's employment on or around April 28, 2017, for false and pretextual reasons.

37. The respondent's reason for firing Plaintiff is false and a pretext created to hide

6

its true discriminatory and retaliatory reasons for firing Plaintiff.

38. Defendant ratified and/or condoned Fitch's sexually harassing conducts and comments and his physically abusive behavior by failing to take appropriate action.

39. Defendant is directly and indirectly liable for the conduct of its employees, that amounted to the sexual harassment suffered by Plaintiff.

40. The sexually harassing conduct towards Plaintiff, and Defendant's ratification of such conduct, adversely affected Plaintiff's jobs because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do her job.

41. Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

42. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, liquidated, compensatory and punitive damages is her only means of securing adequate relief.

43. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V. CAUSES OF ACTION

### A. COUNT I - SEXUAL HARASSMENT

44. Plaintiff re-alleges and incorporate by reference paragraphs 1-43 above with the same force and effect as if fully set out in specific detail herein below.

45. Defendant subjected Plaintiff to a sexually hostile work environment that was sufficiently severe or pervasive to alter the terms and conditions of her employment.

46. The hostile work environment was objectively and subjectively hostile and abusive because a reasonable person would find the work environment endured by Plaintiff hostile and abusive, Plaintiff perceived the environment to be hostile and abusive and the harassment negatively impacted Plaintiff's employment by making it more difficult to do her job.

47. Plaintiff subjectively perceived the sexually and gender harassing treatment she endured to be hostile and abusive, and such conduct actually negatively impacted the conditions of her employment.

48. Plaintiff suffered a tangible employment action.

49. Defendant failed to guard against the misconduct of its employees, failed to train its managers and employees, failed to monitor their performance and conduct and failed to take adequate remedial action.

50. Defendant had no effective sexual harassment policies and no effective procedures for handling complaints of sexual harassment.

51. Defendant has been aware of this hostile and abusive environment, and continuously refused to take appropriate remedial action.

52. Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate action.

53. Defendant is directly and indirectly liable for the conduct of its managerial employee that amounted to the sexual harassment suffered by Plaintiff.

54. The sexually harassing conduct towards Plaintiff, and Defendant's ratification of such conduct, adversely affected Plaintiff's job because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do her job and cumulated with her discharge.

55. Defendant, by and through its agent, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

56. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of

securing adequate relief.

57. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### B. COUNT II – WRONGFUL TERMINATION.

58. Plaintiff re-alleges and incorporates by reference paragraphs 1-57 above with the same force and effect as if fully set out in specific detail below.

59. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a.

60. Plaintiff engaged in protected activity by complaining to management that her Manager was sexually harassing her at work. Sexual harassment constitutes an unlawful employment practice. Plaintiff engaged in further activity when she filed her EEOC Charge.

61. After Plaintiff engaged in protected activity by complaining of sexual harassment, Defendant took material adverse employment actions against her, including disciplining her, reducing her scheduled work hours and terminating her employment.

62. But for Plaintiff's engagement in protected activity, Defendant would not have taken the above materially adverse employment actions against her.

63. Defendant's articulated reasons for the adverse employment actions taken against Plaintiff, including her termination, are not legitimate.

64. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

65. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

66. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## C.   COUNT III – INVASION OF PRIVACY

67. Plaintiff realleges and incorporates by reference paragraphs 1-66 above with the same force and effect as if fully set out in specific detail hereinbelow.

68. Defendant, through the acts of its agents, invaded the privacy of Plaintiff, by, among other things, intruding into Plaintiff's private seclusion by making sexual comments and inquiries, by touching and groping private parts of her body, and other acts as set forth above.

69. Defendant authorized, ratified and/or condoned its agent's actions which amounted to an invasion of Plaintiff's privacy.

11

70. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

### D. COUNT IV – ASSAULT AND BATTERY

71. Plaintiff re-alleges and incorporates by reference paragraphs 1-70 above with the same force and effect as if fully set out in specific detail hereinbelow.

72. Fitch assaulted and battered Plaintiff by subjecting her to unwanted touchings, by pushing her, and by choking her.

73. Defendant ratified and/or condoned its agent's actions which amounted to an assault and battery of Plaintiff.

74. Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

### E. COUNT V - NEGLIGENT AND/OR WANTON HIRING, SUPERVISION, TRAINING, AND/OR RETENTION.

75. Plaintiff re-alleges and incorporates by reference paragraphs 1-74 above with the same force and effect as if fully set out in specific detail herein below.

76. This is a claim arising under the law of the State of Alabama to redress the negligent and/or wanton, hiring, supervision, training, and retention of the supervisor who committed the sexually harassing acts against the Plaintiff, including unwanted touchings, invasion of privacy, and assault and battery in

violation of the common law of the State of Alabama.

77. Defendant negligently and/or wantonly failed to adequately hire, supervise, train, and/or negligently retained, its agents or employees which proximately caused the sexually harassing acts against the Plaintiff, including the above-described unwanted touchings, invasion of privacy, and assault and battery in violation of the common law of the State of Alabama Plaintiff.

## V. DAMAGES

78. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

79. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of Defendant's unlawful conduct.

80. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction

of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII.

3. Enter an Order requiring Defendant and to make Plaintiff whole by reinstating her into the position she would occupy in the absence of sex harassment, and retaliation, and/or frontpay and backpay (plus interest), order Defendant to award Plaintiff compensatory, punitive, liquidated and/or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses and post judgment interest.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

/s/
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s

                                              Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESSES:**
BRK of Alabama LLC, d/b/a Wendy's
c/o BRYAN D RAY
1964 COUNTY RD
ALEXANDER CITY, AL 35010